UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHELLE ONG,

                Plaintiff,

v.

TOWNSQUARE MEDIA, INC.,

                Defendant.

24-CV-3877 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff Michelle Ong brings this action against Defendant Townsquare Media, Inc. ("Townsquare"), asserting claims for copyright infringement in violation of 17 U.S.C. § 501. Specifically, Ong alleges that Townsquare infringed her copyright in a video she recorded when it (1) embedded that video in a news article published on a Townsquare website; and (2) used a screenshot of the video in that news article. Before the Court is Townsquare's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is denied with respect to the embedding of the video but granted with respect to the use of the screenshot.

## BACKGROUND

      As alleged in the Complaint, Ong, a journalist by trade, recorded a one-minute-and-three-second video of an interaction between Nevada law enforcement officials and climate protesters who had blocked a road to a desert-based event called Burning Man (the "Video"). First Am. Compl. ("FAC") ¶¶ 2, 10, ECF No. 27. The Video depicts a law enforcement vehicle driving through the protesters' barricade, and officers exiting the vehicle and detaining several people. Ong published the Video on August 27, 2023, in a post on the social media site "X." *Id.* ¶¶ 14, 32, 38–39, Ex. 2.

Townsquare owns and operates the website "97x.com." *Id.* ¶ 3. On August 29, 2023, 97x.com published an article entitled "Police Drive Through Climate Protester's Barricade." *Id.* Ex. 2 (the "Article"). The Article included a still image from the Video (the "Screenshot")—which captured the moment the police vehicle drove through the barricade—as well as an embedding of Ong's X post sharing the Video. *Id.* Exs. 1–2.[1] At no point did Ong give her consent to Townsquare's use of the Video or the Screenshot, nor did Townsquare compensate her for those uses. *Id.* ¶¶ 31, 35, 62.

On November 14, 2023, Ong registered the Video with the United States Copyright Office under registration number PA 2-446-141. *Id.* ¶ 15. She commenced this action on May 20, 2024. *See* ECF No. 1. On September 23, 2024, Townsquare filed the instant motion to dismiss the First Amended Complaint, which is the operative complaint in this action (the "Complaint"). *See* ECF No. 28 ("Mot."). Ong opposed, *see* ECF No. 35, and Townsquare filed a reply and supplemental authority, *see* ECF Nos. 38, 40. The Court stayed discovery pending resolution of the motion to dismiss. *See* ECF No. 39.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint

---

[1] As other courts in this district have explained, "[e]mbedding allows a website coder to incorporate content, such as an image, that is located on a third-party's server, into the coder's website. When an individual visits a website that includes an 'embed code,' the user's internet browser is directed to retrieve the embedded content from the third-party server and display it on the website. As a result of this process, the user sees the embedded content on the website, even though the content is actually hosted on a third-party's server, rather than on the server that hosts the website." *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 600 (S.D.N.Y. 2020) (quoting *Sinclair v. Ziff Davis, LLC*, No. 18-CV-790, 454 F. Supp. 3d 342, 343 (S.D.N.Y. Apr. 13, 2020)).

pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*[2] On a Rule 12(b)(6) motion, the question is "not whether [the plaintiff] will ultimately prevail," but "whether h[er] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011). In answering this question, the Court must "accept as true all factual allegations . . . but [is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020).

## DISCUSSION

To establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). There is no dispute that Townsquare used Ong's validly copyrighted video and a screenshot thereof without her express authorization, and she has therefore established a *prima facie* case of copyright infringement for each use. *See id.* Townsquare, however, contends that Ong's claims should be dismissed because: (1) it used the Video pursuant to a valid sublicense from X; and (2) its use of the Screenshot was either (a) *de minimis*, or (b) fair use. The Court considers the Video and the Screenshot in turn.

### I. The Video

Beginning with the Video, Townsquare argues, first, that Ong granted X a license to use the Video when she posted it on the platform, and second, that it acted pursuant to a sublicense from X when it embedded the Video in the Article. A license or sublicense in a copyrighted work "functions as a complete defense to a copyright infringement claim." *Richardson v. Townsquare Media, Inc.*, No. 24-CV-4217, 2025 WL 89191, at *2 (S.D.N.Y. Jan. 14, 2025). A court "may

---

[2] Unless otherwise indicated, this opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

find a license on a motion to dismiss where the terms of the governing contracts are clear." *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 303 (S.D.N.Y. 2011).

In support of its argument, Townsquare relies on X's Terms of Service, which provide:

> By submitting, posting or displaying Content on or through the Services, you grant us a worldwide, non-exclusive, royalty-free license (with the right to sublicense) to use, copy, reproduce, process, adapt, modify, publish, transmit, display and distribute such Content in any and all media or distribution methods now known or later developed (for clarity, these rights include, for example, curating, transforming, and translating). This license authorizes us to make your Content available to the rest of the world and to let others do the same. You agree that this license includes the right for us to provide, promote, and improve the Services and to make Content submitted to or through the Services available to other companies, organizations or individuals for the syndication, broadcast, distribution, Retweet, promotion or publication of such Content on other media and services, subject to our terms and conditions for such Content use. Such additional uses by us, or other companies, organizations or individuals, is made with no compensation paid to you with respect to the Content that you submit, post, transmit or otherwise make available through the Services as the use of the Services by you is hereby agreed as being sufficient compensation for the Content and grant of rights herein.

Myers Decl., Ex. D at 4–5, ECF No. 29-4. "By their express language, [X]'s terms grant a license to use content only to [X]." *Agence France Presse*, 769 F. Supp. 2d at 303 (interpreting identical language in the Terms of Service of X's predecessor, Twitter). Thus, even if X's Terms of Service establish that Ong granted a license to X by posting the Video, they do not establish that X granted a sublicense to Townsquare. To address that point, Townsquare relies on X's Developer Agreement, *see* Myers Decl., Ex. E, ECF No. 29-5, which it argues establishes a sublicense between itself and X.

The Court, however, cannot dismiss Ong's claim at this stage because there is no basis in the existing record—either in the Complaint or the relevant X policies—to conclude that Townsquare in fact holds a valid sublicense from X. This case is thus akin to *McGucken v.*

4

*Newsweek*, in which the court denied a motion to dismiss where there was "no evidence before the Court of a sublicense between Instagram and [the defendant]." 464 F. Supp. 3d at 603; *see also Sinclair*, 2020 WL 3450136, at *1 (same). X's Terms of Service alone do not establish a sublicense between Townsquare and X, and Plaintiff has not alleged that Townsquare is party to the Developer Agreement. *Compare McGucken*, 464 F. Supp. 3d at 603–04, *with Richardson*, 2025 WL 89191, at *4 (finding sublicense granted by YouTube's Terms of Service, pursuant to which users "grant each other user of the Service a . . . license . . . to use [their] Content, including to reproduce, distribute, prepare derivative works, display and perform it, only as enabled by a feature of the Service (such as . . . embeds)"). Ong's claim thus cannot be dismissed on this record. Although Townsquare could have—and may still be able to—attach proof of its purported sublicense agreement to its answer and seek a judgment on the pleadings, *see L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011), it has not yet done so.

Accordingly, the motion to dismiss is denied with respect to Townsquare's alleged use of the Video.

**II.    The Screenshot**

Townsquare next contends that its use of the Screenshot was both *de minimis* copying and fair use. The Court agrees that the use of the Screenshot was *de minimis* and thus need not address Townsquare's fair use argument.

In order to establish a claim of copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of [the] plaintiff's." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010). "Substantial similarity" requires (a) that "protected expression in

the earlier work that was copied" and (b) that "the amount that was copied is more than *de minimis*." *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003). In other words, the copying must be "quantitatively and qualitatively sufficient to support the legal conclusion that infringement (actionable copying) has occurred." *Ringgold v. Black Ent. Television, Inc.*, 126 F.3d 70, 75 (2d Cir. 1997). "To establish that the infringement of a copyright is *de minimis*, and therefore not actionable, the alleged infringer must demonstrate that the copying of the protected material is so trivial as to fall below the quantitative threshold of substantial similarity." *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998).

As another court in this district has recognized, "[s]ingle still-frame screenshots from videos posted on social media platforms, which make up a very small fraction of the original video, are generally considered to constitute *de minimis* use and fall below the substantial similarity threshold." *Richardson*, 2025 WL 89191, at *4; *see also Rudkowski v. MIC Network, Inc.*, No. 17-CV-3647, 2018 WL 1801307, at *4 (S.D.N.Y. Mar. 23, 2018); *Konangataa v. Am. Broad. Cos., Inc.*, No. 16-CV-7382, 2017 WL 2684067, at *1 (S.D.N.Y. June 21, 2017); *but see Eliahu v. Mediaite, LLC*, No. 23-CV-11015, 2024 WL 4266323, at *2–4 (S.D.N.Y. Sept. 23, 2024). As Townsquare points out, and Ong does not dispute, the single frame used in the Screenshot constitutes less than one one-thousandth of the total number of frames in the sixty-three-second video. Mot. at 12. Thus, even assuming that a screenshot of a video is qualitatively sufficient to support a finding of actionable copying, "in a quantitative sense," it is "trivial." *Rudkowski*, 2018 WL 1801307, at *4. The Court therefore concludes that Townsquare's alleged use of the Screenshot was *de minimis*.

Accordingly, the motion to dismiss is granted with respect to Townsquare's alleged use of the Screenshot.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the Complaint is granted in part and denied in part. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 28.

SO ORDERED.

Dated:     August 8, 2025
           New York, New York

_____
Ronnie Abrams
United States District Judge