UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHELLE ONG,<br><br>                    Plaintiff,<br><br>          v.<br><br>TOWNSQUARE MEDIA, INC.,<br><br>                    Defendant. | 24-CV-3877 (RA)<br><br>MEMORANDUM<br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiff Michelle Ong brought this copyright infringement action against Defendant Townsquare Media, Inc., pursuant to 17 U.S.C. § 501, alleging that Townsquare embedded an X post with a video she recorded and attached a screenshot of the video in a news article published on its website. *See* Dkt. No. 27 ("First Am. Compl.") ¶¶ 28–29, Ex. 2. On August 8, 2025, the Court dismissed Ong's claim as to the screenshot. *See* Dkt. No. 41 ("Prior Order"). Now before the Court is Ong's motion for partial reconsideration of the Court's Prior Order dismissing that screenshot claim, pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). For the reasons that follow, the motion is denied.

## BACKGROUND

The Court assumes familiarity with the background of this case, which the Court detailed in its Prior Order, and only briefly reiterates here facts relevant to the instant motion. As alleged in the Complaint, Ong, a journalist, recorded a video, just over one minute in length, of an interaction between Nevada law enforcement officials and climate protesters who had blocked a road to Burning Man. First. Am. Compl. ¶¶ 2, 10, 17. On August 29, 2023, Townsquare, which owns and operates the website "97x.com," *id.* ¶ 3, 28–29, published an article entitled "Police Drive Through Climate Protester's Barricade." *Id.*, Ex. 2. The Article included a still image from

the video and embedded Ong's X post sharing the video. *Id.* ¶¶ 28–29, Exs. 1–2.

After Ong filed this action alleging violations of the Copyright Act, Townsquare moved to dismiss, arguing that its embedding of Ong's video was authorized under X's terms of service, and that its use of the screenshot was permissible under the *de minimis* use and fair use doctrines. This Court denied Townsquare's motion to dismiss with respect to the embedding of the video, but granted it with respect to the use of the screenshot on the basis that it was a *de minimis* use. *See* Prior Order at 1. Now before this Court is Ong's motion for limited reconsideration of the Prior Order, arguing it was clear error for the Court to hold that the use of the screenshot was *de minimis*.

For the reasons that follow, Ong's motion is denied.

## LEGAL STANDARD

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Eckhart v. Fox News Network, LLC*, 2022 WL 4579121, at *1 (S.D.N.Y. Sept. 29, 2022).[1] A court will grant reconsideration when a movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

## DISCUSSION

Ong urges the Court to reconsider its prior decision to correct what she depicts as "a clear error of law." Dkt. No. 45 at 3 ("Pl.'s Br."). The Court rejects that depiction.

"Courts in this circuit have repeatedly dismissed Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process." *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 273 (S.D.N.Y. 2001) (citing *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

Cir. 1986)). Rather than point the Court to any newly discovered evidence or a change in controlling law, Ong reiterates the argument she made previously: "that the Court erred in determining that Defendant's display of the Screenshot . . . did not constitute an infringement of Plaintiff's copyright." Pl.'s Br. at 4. In particular, she insists that application of the plain language of 17 U.S.C. § 106(5), which grants the copyright owner the exclusive right, in the case of "individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly," forecloses a *de minimis* use defense in this case. Ong asserts that Townsquare's use of the screenshot "could not be deemed *de minimis* by judicial decree," as long as she holds the exclusive right to display an individual image, such as a screenshot, of the video. *Id.* at 2.

Although "[c]opyright protections subsist[] . . . in original works of authorship fixed in any tangible medium of expression," *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 588 (S.D.N.Y. 2018) (quoting 17 U.S.C. § 102(a)), "[t]he Copyright Act does not give a copyright holder control over all uses of his copyrighted work." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 154–55 (1975). Instead, "the Act enumerates several 'rights' that are made 'exclusive' to the holder of the copyright. If a person, without authorization from the copyright holder, puts a copyrighted work to a use within the scope of one of these 'exclusive rights,' he infringes the copyright. If he puts the work to a use not enumerated . . . he does not infringe." *Id.* at 155. Section 106 defines those exclusive rights, including the right to "display the copyrighted work publicly." 17 U.S.C § 106(5). The display right outlined in Section 106(5) is then cabined by subsequent provisions, which enumerate "a variety of uses of copyrighted material that are not infringements of copyright notwithstanding the provisions of § 106." *Sony Corp. of Am. v. Univ. City Studios, Inc.*, 464 U.S. 417, 447 (1984).

In addition to the legislative carveouts that limit the exclusive rights afforded to copyright

holders under 17 U.S.C. § 106, the Second Circuit has long recognized the *de minimis* use doctrine. *See e.g.*, *Ringgold v. Black Ent. Television, Inc.*, 126 F.3d 70, 73–77 (2d Cir. 1997); *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217–18 (2d Cir. 1998). "[T]o establish a claim of copyright infringement, 'a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010); *see also Castle Rock Ent., Inc. v. Carol Pub. Grp., Inc.*, 150 F.3d 132, 137–38 (2d Cir. 1998).

The Second Circuit has held that substantial similarity "requires that the copying [be] quantitatively and qualitatively sufficient to support the legal conclusion that infringement (actionable copying) has occurred." *Ringgold*, 126 F.3d at 75. Furthermore, "[t]o establish that the infringement of a copyright is *de minimis*, and therefore not actionable, the alleged infringer must demonstrate that the copying of the protected material is so trivial as to fall below the quantitative threshold of substantial similarity." *Sandoval*, 147 F.3d at 217. In its Prior Order, this Court cited *Richardson v. Townsquare Media, Inc.* for the proposition that "[s]ingle still-frame screenshots from videos posted on social media platforms, which make up a very small fraction of the original video, are generally considered to constitute *de minimis* use and fall below the substantial similarity threshold." 2025 WL 89191, at *4 (S.D.N.Y. Jan. 14, 2025); Prior Order at 6.

Ong argues that both the qualitative and quantitative prongs of the substantial similarity analysis are met here since the screenshot was "sufficiently visible and easily identifiable to be recognized as a copy." Dkt. No. 47 ("Pl.'s Reply") at 2. When analyzing the quantitative prong with respect to screenshots, numerous courts have looked to the amount of the copyrighted work that is copied, rather than "the length of time [the] work is observable." *Rudkowski v. MIC*

*Network, Inc.*, 2018 WL 1801307, at *4 (S.D.N.Y. Mar. 23, 2018); *see also Konangataa v. Am. Broad. Cos., Inc.*, 2017 WL 2684067, at *1 (S.D.N.Y. June 21, 2017); *Richardson*, 2025 WL 89191, at *4; *Lynk Media LLC v. Townsquare Media, Inc.*, 2025 WL 3442944, at *4–5 (S.D.N.Y. Dec. 1, 2025). Here, Townsquare displayed a single screenshot representing one out of approximately "1,536 possible single-frame screenshots," Dkt. No. 22 at 9, 17, which this Court held to be *de minimis*. Prior Order at 6. The Court stands by that ruling.

If the Court were to adopt Ong's statutory interpretation, the *de minimis* use doctrine would be unavailable to any plaintiff alleged to have violated the exclusive right of a copyright holder— whether that use was substantially similar or not, both qualitatively and quantitatively. Rather than contradict the plain meaning of 17 U.S.C. § 106(5), the *de minimis* use doctrine is instead "useful in insulating trivial types of copying from liability . . . and in marking the quantitative threshold for actionable copying." *Ringgold*, 126 F.3d at 75. As Townsquare correctly framed the issue, "Section 106(5) specifies that when a still frame of an audiovisual work is used, this constitutes a display . . . [b]ut whether such a display is substantially similar enough to be *actionable* is a separate question that Section 106(5) does not answer." Dkt. No. 46 ("Def.'s Opp.") at 3 (emphasis in original); *see also Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 631 (S.D.N.Y. 2008) ("To prove substantial similarity, a plaintiff must show (i) that it was protected expression in the earlier work that was copied and (ii) that the amount that was copied is more than de minimis.").

Indeed, this Court's analysis of whether Townsquare's use of Ong's video is *de minimis* or not necessarily assumes that a copyrighted work has in fact been copied, potentially in violation of the holder's exclusive right. *See id.* at 632 ("[C]ourts consider the extent to which the copyrighted work is copied in the allegedly infringing work."). Having done so, the Court

concluded that "even assuming that a screenshot of a video is qualitatively sufficient to support a finding of actionable copying, 'in a quantitative sense,' it is 'trivial.'" Prior Order at 6 (quoting *Rudkowski*, 2018 WL 1801307, at *4). Given that, and since there is no intervening change of controlling law or new evidence, the Court declines to grant Ong's motion for reconsideration. *See e.g.*, *Ferrarini v. Irgit*, 2020 WL 6323699, (S.D.N.Y. 2020), *aff'd* 2022 WL 1739725. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 44.

SO ORDERED.

Dated:   January 2, 2026
         New York, New York

_____
RONNIE ABRAMS

United States District Judge